IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESUS ECHEVERRIA-MONTIEL,**<br><br>Petitioner,<br><br>v.<br><br>**MICHAEL L. BENOV,**<br><br>Respondent. | Case No. 1:14-cv-00586 MJS (HC)<br><br>**ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 13]** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7, 9.) Pending before the Court is the Respondent's motion, filed on July 14, 2014, to dismiss the petition as moot. (ECF No. 13.) Petitioner did not file a response to the motion.

I.  **BACKGROUND**

Petitioner, an inmate of the Taft Correctional Institution ("TCI"), challenges the disallowance of fifty-four (54) days of good conduct time credit that Petitioner suffered as a result of two separate prison disciplinary findings made at TCI on or about July 26 and July 31, 2012. In both instances Petitioner was engaged in prohibited conduct, namely stealing milk from the chow hall. (Cruz Decl., Attachs. 2, 4.) Petitioner challenges the

loss of time credits and seeks invalidation of the sanctions. Petitioner raises the following claims in the petition: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearings and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearings was violated. (Id. at 1-9.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard via teleconference on June 17, 2014, by a certified disciplinary hearing officer of the BOP. At the rehearings, the BOP DHO found that Petitioner had committed the prohibited acts of possession of anything not authorized rather than stealing. Petitioner was sanctioned with a loss of commissary privileges and disciplinary segregation, but no loss of good time credits. (Cruz Decl., Attachs. 3, 5.)

**II.    MOOTNESS**

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v.

1  Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a
2  moot petition must be dismissed because nothing remains before the Court to be
3  remedied. Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43.

4        Here, documentation submitted by Respondent in support of the motion to
5  dismiss demonstrates that the claims initially alleged by Petitioner are no longer in
6  controversy. The charges were reheard by an officer who had the precise qualifications
7  that Petitioner had alleged were required by principles of due process of law and the
8  pertinent regulations. It is undisputed that the findings and sanctions that constituted the
9  object of Petitioner's challenges in the petition have now been superseded by the
10 findings and sanctions of the certified BOP DHO. Furthermore, at the new hearing
11 Petitioner did not suffer any loss of good-time credits.

12       When, because of intervening events, a court cannot give any effectual relief in
13 favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore,
14 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). In the present case, it
15 appears that the only relief that Petitioner sought was invalidation of the findings and
16 associated sanctions. It has been demonstrated that the rehearing of the incident report
17 by an indisputably qualified DHO has effectuated the relief sought by Petitioner. In
18 addition, as Petitioner's good time credits were restored, Petitioner has not shown that
19 the disciplinary proceeding increased the duration of his confinement. Thus, it is no
20 longer possible for this Court to issue a decision redressing the injury.

21       In summary, Petitioner has not asserted any factual or legal basis that would
22 preclude a finding of mootness. The Court thus concludes that the matter is moot
23 because the Court may no longer grant any effective relief. See, Badea v. Cox, 931 F.2d
24 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate
25 sought placement in a community treatment center but was subsequently released on
26 parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir.
27 2010) (dismissing as moot a petition seeking early release where the petitioner was
28 released and where there was no live, justiciable question on which the parties

disagreed).

Accordingly, the motion to dismiss the petition as moot is granted.

### III. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

### IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) The petition for writ of habeas corpus be DISMISSED as moot; and

2) The Clerk be DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   August 25, 2014        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4